**MICHAEL N. FEUER**, City Attorney (SBN 111529x)
**THOMAS H. PETERS**, Chief Assistant City Attorney (SBN 163388)
**CORY M. BRENTE**, Supervising Assistant City Attorney (SBN 115453)
**J. EDWIN RATHBUN, JR.**, Deputy City Attorney (SBN 221804)
200 North Main Street, 6th Floor
City Hall East
Los Angeles, California 90012
Email: edwin.rathbun@lacity.org
Telephone: (213) 978-7041   Fax: (213) 978-8785

*Attorneys for Defendants* **CITY OF LOS ANGELES**, **SHERWIN VIGILANT and JUSTIN KOBY**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA SOLIS AND MELDARDO SOLIS, as Special Administrators of the Estate of ADRIAN SOLIS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; SHERWIN VIGILANT; JUSTIN KOBY and DOE Police Officers 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:17-CV-02352-AB-PJW<br>[Assigned to the Hon. Andre Birotte Jr.]<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>**Pretrial Conference:**<br>Date:   May 25, 2018<br>Time:   11:00 a.m.<br>Place:  Courtroom 7B<br><br>**Trial:**<br>Date:   June 12, 2018<br>Time:   8:30 a.m.<br>Place:  Courtroom 7B |

   **TO THIS HONORABLE COURT, AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

   Pursuant to L.R. 16-4, DEFENDANTS CITY OF LOS ANGELES, SHERWIN VIGILANT and JUSTIN KOBY ("Defendants") hereby respectfully submit their Memorandum of Contentions of Fact and Law in the above-entitled action:

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................ iii

**MEMORANDUM OF POINTS AND AUTHORITIES** ..................................1

CLAIMS AND DEFENSES ...........................................................................1
    A. Plaintiffs' Claims.....................................................................1
    B. Elements for Each Claim.........................................................1
    C. Defendants' Key Evidence in Opposition to Each Claim.............6
    D. Defendants' Affirmative Defenses...........................................9
    E. Elements Required to Prove Affirmative Defenses.....................10
    F. Defendants' Key Evidence In Support of Affirmative Defenses.....12
    G. Evidentiary Issues.................................................................12
    H. Issues of Law.......................................................................12
        1. Defendants Did Not Violate Adrian Solis' Fourth Amendment Rights....................................................................12
        2. The "Special Relationship" Doctrine is Inapplicable..............13
        3. Defendants Also Did Not Violate Plaintiffs' Fourteenth Amendment Right to a Familial Relationship....................................16
        4. Defendants Did Not Violate Plaintiffs' Substantive Due Process Rights....................................................................17
        5. At a Minimum, Officer Vigilant and Officer Koby Are Entitled To Qualified Immunity On Each of the Section 1983 Claims............17
        6. The City of Los Angeles Cannot Be Held Liable Under Monell On Any Theory..................................................................18
        7. Plaintiffs Cannot Maintain a Cause of Action for Wrongful Death Based on Negligence or Battery, and Defendants Did Not Wrongfully Cause the Death of Adrian Solis........................20
        8. Defendants Did Not Violate Section 52.1...............................21

BIFURCATION OF ISSUES ......................................................................21

JURY DEMAND ........................................................................................21

ABANDONMENT OF ISSUES ...................................................................22

ii

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Adams v. City of Fremont*,
   68 Cal.App.4th 1492 ................................................................................ 15

*Anderson v. Creighton*,
   483 U.S. 635 (1987)................................................................................. 18

*Ashcraft v. King*,
   228 Cal.App.3d 604 (1991) ....................................................................20

*Bd. of Cnty. Comm'rs v. Brown*,
   520 U.S. 397 (1997)...........................................................................18, 19

*Byrd v Guess*,
   137 F.3d 1126 (9th Cir.1998) ..............................................................2, 16

*City of Canton, Ohio v. Harris*,
   489 U.S. 378 (1989)................................................................................. 19

*City of St. Louis v. Praprotnik*,
   485 U.S. 112 (1988)................................................................................. 19

*Cosby v. City of Oakland*,
   1997 WL 703776 (N.D. Cal. 1997) at *5 ................................................ 16

*Daniels v. Williams*,
   474 U.S. 327 (1986)................................................................................. 12

*Davis v. City of Ellensburg*,
   869 F.2d 1239 (9th Cir. 1989) ............................................................... 18

*DeShaney v. Winnebago County Dep't of Social Servs.*,
   489 U.S. 189, 109 S.Ct. 998, 103 L.Ed 2d 249 (1989) ....................13, 14

*Edson v. City of Anaheim*,
   63 Cal.App.4th 1269 (1998) ...................................................................20

*Escamilla v. City of Santa Ana*,
   796 F.2d 266 (9th Cir. 1986) ................................................................. 14

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Gantt v. City of Los Angeles*,
   717 F.3d 702 (9th Cir. 2013) .................................................................. 16

*Graham v. Connor*,
   490 U.S. 386 ........................................................................... 12, 13, 20

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982) ...................................................................... 17, 18

*Hartzler v. City of San Jose*
   (1975) 46 Cal.App.3d 6 ........................................................................ 15

*Hernandez v. City of Pomona (2009)*
   *46 Cal. 4th 501* .................................................................................... 4

*Heymann v. California*,
   2000 U.S. Dist. LEXIS 16357 (N.D. Cal. 2000) ................................... 4

*Hope v. Pelzer*,
   536 U.S. 730 (2002) .............................................................................. 17

*Huffman v. County of Los Angeles*,
   147 F.3d 1054 (9th Cir. 1998) ............................................................. 13

*Kisela v. Hughes*,
   584 U.S. ____ (2018) ........................................................................... 10

*Lewis v. Sacramento County*,
   98 F.3d 434 (9th Cir. 1996) ................................................................. 16

*Lopez v. City of San Diego*
   (1987) 190 Cal.App.3d 678 ................................................................. 15

*M.B. v. City of San Diego*,
   233 Cal.App.3d at 705 ......................................................................... 15

*Malley v. Briggs*,
   475 U.S. 335 (1986) .............................................................................. 18

*McCorkle v. City of Los Angeles*
   (1969) 70 Cal.2d 252 ........................................................................... 15

*Merritt v. County of Los Angeles*,
   875 F.2d 765 (9th Cir. 1989) ............................................................... 19

iv

*Monell v. Department of Social Services*,
  436 U.S. 658 (1978)...............................................................12, 18, 19, 21

*Morgan v. County of Yuba*
  (1964) 230 Cal.App.2d 938 .................................................................. 15

*Oklahoma v. Tuttle*,
  471 U.S. 808 (1985).........................................................................18, 19

*Ortez v. Washington County*,
  88 F.3d 804 (9th Cir. 1978) ................................................................... 17

*Pearson v. Callahan*,
  555 U.S. 223 (2009)............................................................................... 10

*Pembaur v. City of Cincinnati*,
  475 U.S. 469 (1986)............................................................................... 19

*Quiroz v. Seventh Ave. Center*,
  140 Cal.App.4th 1256 (Ct. Cal. App. 2006)........................................... 20

*Saucier v. Katz*,
  533 U.S. 194 (2001).........................................................................10, 17

*Smith v. City of Fontana*,
  818 F.2d 1411 (9th Cir. 1983) ............................................................... 16

*Stone v. State of California*
  (1980) 106 Cal.App.3d 924 ................................................................... 16

*Terry v. Ohio*,
  392 U.S. 1 (1968).................................................................................. 13

*Tsao v. Desert Palace, Inc.*,
  698 F.3d 1128 (9th Cir.2012) ................................................................ 18

*Van Batsch v. American Dist. Telegraph Co.*
  (1985) 175 Cal.App.3d 1111 ................................................................. 15

*Wilkinson v. Torres*,
  610 F.3d 546 (9th Cir. 2010) ................................................................. 16

v

**<u>Statutes</u>**

29 U.S.C. § 701 ..................................................................................... 3

29 U.S.C. § 794(a) ........................................................................... 1, 3, 7

42 U.S.C. § 1983 ....................................................... 1, 2, 4, 6, 7, 8, 17, 19

42 U.S.C. § 12101 ........................................................................... 1, 2, 7

Cal. Gov. Code, § 815.2(b) ................................................................ 9, 10

Cal. Gov. Code, § 820.2 .................................................................... 9, 10

Cal. Gov. Code, § 820.8 .................................................................... 9, 10

Cal. Gov. Code § 821.6 ..................................................................... 9, 10

Cal. Pen. Code, § 835(a) ......................................................................... 20

California Civil Code § 52.1 ...................................................... 1, 5, 8, 20

**<u>Other Authorities</u>**

<u>Fourth Amendment</u> ....................................................................... 1, 6, 12

<u>Fourteenth Amendment</u> ......................................................... 1, 2, 6, 7, 16

CACI 405 ............................................................................................. 11

CACI 407 ............................................................................................. 11

CACI 1304 ........................................................................................... 11

CACI 3930 ........................................................................................... 11

FRE 402 and 403 .................................................................................. 12

U.S. Const. Amend IV .......................................................................... 12

U.S. Const. Amend XIV ........................................................................ 16

United States Constitution ....................................................................... 4

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **CLAIMS AND DEFENSES**

**A.    Plaintiff's Claims**

Claim 1:  42 U.S.C. § 1983 - Unreasonable Use of Force (4th Amendment), against all Defendants.

Claim 2:  42 U.S.C. § 1983 – Loss of Parent-Child Relationship (14th Amendment), against Officer Vigilant and Officer Koby.

Claim 3:  42 U.S.C. § 1983 – Due Process Violation (14th Amendment), against Officer Vigilant and Officer Koby.

Claim 4:  42 U.S.C. § 12101 – Americans with Disabilities Act, against all Defendants.

Claim 5:  29 U.S.C. § 794(a) – Section 504 of the Rehabilitation Act of 1973, against all Defendants.

Claim 6:  Wrongful Death under California state law, against all Defendants.

Claim 7:  42 U.S.C. § 1983 - Failure to Train, against the City of Los Angeles.

Claim 8:  42 U.S.C. § 1983 – Failure to Adequately Screen, Hire and Discipline, against the City of Los Angeles.

Claim 9:  Negligence under California state law, against all Defendants.

Claim 10:  Violation of California Civil Code § 52.1, against all Defendants.

Claim 11:  Assault and Battery under California state law, against all Defendants.

**B.    Elements for Each Claim**

Claim 1 – 42 U.S.C. § 1983 - Unreasonable Use of Force (4th Amendment):

1.    Defendants' acts were intentional;

2.    Defendants acted under color of state law; and

3.    The acts of Defendants were the cause of the deprivation of the decedent, Adrian Solis', rights protected by the Constitution or laws of the United States;

1

*See* Ninth Circuit Manual of Model Jury Instructions 9.1 and 9.2 (2017).

***In addition for Claim 1:***

1.     Defendants unreasonably seized Adrian Solis' person by using unreasonable force against him.

*See* Ninth Circuit Manual of Model Jury Instructions 9.25 (2017).

Claim 2 - 42 U.S.C. § 1983 – Loss of Parent-Child Relationship (14th Amendment):

1.     Defendants' acts were intentional;

2.     Defendants acted under color of state law;

3.     Plaintiffs had a familial relationship with Adrian Solis;

4.     Defendants used unreasonable force against Adrian Solis; and

5.     In using the unreasonable force, Defendants acted in a manner that "shocks the conscience".

*See* Ninth Circuit Manual of Model Jury Instructions 9.32 (2017); *Byrd v Guess*, 137 F.3d 1126 (9th Cir.1998).

Claim 3 - 42 U.S.C. § 1983 – Due Process Violation (14th Amendment):

1.     Defendants' acts were intentional;

2.     Defendants acted under color of state law;

3.     Defendants used unreasonable force against Adrian Solis; and

4.     In using the unreasonable force, Defendants acted in a manner that "shocks the conscience".

*See* Ninth Circuit Manual of Model Jury Instructions 9.32 (2017)

/ / /

/ / /

/ / /

/ / /

2

<u>Claim 4 - 42 U.S.C. § 12101 – Americans with Disabilities Act:</u>[1]

1.     Decedent Adrian Solis requested an accommodation from the Defendants due to a disability;

Or:

1.     Defendants knew, or had reason to know that:

a.     Decedent Adrian Solis had a disability;

b.     Decedent Adrian Solis was experiencing workplace problems because of the disability; and

c.     The disability prevented decedent Adrian Solis from requesting a reasonable accommodation;

And:

2.     Defendants could have made a reasonable accommodation that would have enabled decedent Adrian Solis to apply or qualify for, or perform the essential functions of the job.

*See* Ninth Circuit Manual of Model Jury Instructions 12.7 (2017)

<u>Claim 5 - 29 U.S.C. § 794(a) – Section 504 of the Rehabilitation Act of 1973:</u>

1.     Decedent Adrian Solis is a qualified individual with a disability;

2.     Who solely by reason of his disability;

3.     Was excluded from the participation in, denied the benefits of, or was subjected to discrimination;

4.     Under a program or activity receiving federal financial assistance;

Or:

5.     Under a program or activity conducted by any Executive agency;

*See* 29 U.S.C. § 701.

/ / /

/ / /

---

[1] Defendants base the elements for Plaintiffs' fourth claim on the language in their Complaint for Damages (¶¶ 60, 67, and 68).

3

Claim 6 - Wrongful Death under California state law:

1.    That Defendants used unreasonable force against Adrian Solis in detaining and/or arresting him; and

2.    That Defendants use of unreasonable force was a substantial factor in causing Adrian Solis' death.

*See* California Civil Jury Instructions (CACI) – 440 and 3921; *Heymann v. California*, 2000 U.S. Dist. LEXIS 16357 (N.D. Cal. 2000); *Hernandez v. City of Pomona (2009) 46 Cal. 4th 501, 513*.

Claim 7 - 42 U.S.C. § 1983 - Failure to Train:

1.    The act(s) or failure to act of Defendants deprived Plaintiffs and/or decedent of their particular rights under the United States Constitution;

2.    Defendants acted under color of state law;

3.    The training of Defendant City of Los Angeles was not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4.    The Defendant City of Los Angeles was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately; and

5.    The failure of the Defendant City of Los Angeles to provide adequate training was the moving force behind the deprivation of the plaintiffs' rights by the Defendants.

*See* Ninth Circuit Manual of Model Jury Instructions 9.8 (2017).

Claim 8 - 42 U.S.C. § 1983 – Failure to Adequately Screen, Hire and Discipline:

1.    The City of Los Angeles' employees acted under color of state law;

2.    The acts of the City of Los Angeles' employees deprived Plaintiff of his particular rights under the United States Constitution;

4

3.      The City of Los Angeles' employees acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant City of Los Angeles; and

4.      The custom, policy or practice were so closely related to the deprivation of the alleged rights as to be the moving force that caused the ultimate injury.

*See* Ninth Circuit Manual of Model Jury Instructions 9.5 (2017).


Claim 9 - Negligence under California state law:

1.      Defendants were negligence;

2.      Plaintiffs were harmed;

3.      The Defendants' negligence was a substantial factor in causing the Plaintiffs' harm.

*See* California Civil Jury Instructions (CACI) – 440.


Claim 10 - Violation of California *Civil Code* § 52.1:

1.      That Defendants unreasonably made threats of violence against the decedent, Adrian Solis;

2.      Defendants' threats caused Adrian Solis to reasonably believe that if he exercised his right to be free from unlawful use of force, Defendants would commit violence against him; and

3.       That Defendants had the apparent ability to carry out the threats;

Or

1.      That Defendants unreasonably acted violently against Adrian Solis to prevent him or to retaliate against him for having exercised his right to be free from unlawful seizure or unlawful use of force ;

2.      That Adrian Solis was harmed; and

3.      That Defendant's conduct was a substantial factor in causing Adrian Solis' harm.

*See* California Civil Jury Instructions (CACI) – 3066.

Claim 11 - Assault and Battery under California state law:

1.     That Defendants intentionally touched Alex Jimenez or caused Alex Jimenez to be touched;

2.     That Defendants used unreasonable force to arrest/prevent the escape of/overcome the resistance of/detain Alex Jimenez;

3.     That Alex Jimenez did not consent to the use of that force; and

4.     That Defendants use of unreasonable force was a substantial factor in causing Alex Jimenez's death.

*See* California Civil Jury Instructions (CACI) – 1305

**C.     Defendants' Key Evidence in Opposition to Each Claim**

Claim 1 – 42 U.S.C. § 1983 - Unreasonable Use of Force (4th Amendment):

Defendants will primarily rely on the testimony of Officer Vigilant, Officer Koby, James Katapodis (expert), Alexander Jason (expert), Los Angeles City Fire Captain Robert MacInnis, LAFD Firefighter/paramedic Noe Lopez, Los Angeles City Firefighter/paramedic Shawn Gill, Los Angeles City Firefighter/paramedic Gerald Paiz and Los Angeles City Firefighter/paramedic Tommy Wells.  Defendants will also rely on video footage of the shooting, captured by a neighbor's security camera across the street from the subject residence.

Claim 2 – 42 U.S.C. § 1983 – Loss of Parent-Child Relationship (14th Amendment)

Defendants will primarily rely on the testimony of Officer Vigilant, Officer Koby, James Katapodis (expert), Alexander Jason (expert), Det. Charles Dempsey (expert), Los Angeles City Fire Captain Robert MacInnis, LAFD Firefighter/paramedic Noe Lopez, Los Angeles City Firefighter/paramedic Shawn Gill, Los Angeles City

Firefighter/paramedic Gerald Paiz and Los Angeles City Firefighter/paramedic Tommy Wells.  Defendants will also rely on video footage of the shooting, captured by a neighbor's security camera across the street from the subject residence.

Claim 3 - 42 U.S.C. § 1983 – Due Process Violation (14th Amendment)

Defendants will primarily rely on the testimony of Officer Vigilant, Officer Koby, James Katapodis (expert), Alexander Jason (expert), Det. Charles Dempsey (expert), Los Angeles City Fire Captain Robert MacInnis, LAFD Firefighter/paramedic Noe Lopez, Los Angeles City Firefighter/paramedic Shawn Gill, Los Angeles City Firefighter/paramedic Gerald Paiz and Los Angeles City Firefighter/paramedic Tommy Wells.  Defendants will also rely on video footage of the shooting, captured by a neighbor's security camera across the street from the subject residence.

Claim 4 - 42 U.S.C. § 12101 – Americans with Disabilities Act

Defendants will primarily rely on the testimony of Officer Vigilant, Officer Koby and Det. Charles Dempsey (expert).  In addition, there is no evidence that Adrian Solis was an employee of the City of Los Angeles.

Claim 5 - 29 U.S.C. § 794(a) – Section 504 of the Rehabilitation Act of 1973

Defendants will primarily rely on the testimony of Officer Vigilant, Officer Koby, James Katapodis (expert) and Det. Charles Dempsey (expert).

In addition, there is no evidence that Adrian Solis was excluded from the participation in, denied the benefits of, or was subjected to discrimination by the Defendants.

Claim 6 - Wrongful Death under California state law

Defendants will primarily rely on the testimony of Officer Vigilant, Officer Koby, James Katapodis (expert), Alexander Jason (expert), Det. Charles Dempsey

(expert), Los Angeles City Fire Captain Robert MacInnis, LAFD Firefighter/paramedic Noe Lopez, Los Angeles City Firefighter/paramedic Shawn Gill, Los Angeles City Firefighter/paramedic Gerald Paiz and Los Angeles City Firefighter/paramedic Tommy Wells.  Defendants will also rely on video footage of the shooting, captured by a neighbor's security camera across the street from the subject residence.

Claim 7 - 42 U.S.C. § 1983 - Failure to Train

Defendants will primarily rely on the testimony of Officer Vigilant, Officer Koby, James Katapodis (expert), Alexander Jason (expert) and Det. Charles Dempsey (expert).

In addition, there is no evidence that the City of Los Angeles failed to train Defendants to handle this type of scenario.

Claim 8 - 42 U.S.C. § 1983 – Failure to Adequately Screen, Hire and Discipline

Defendants will primarily rely on the testimony of Officer Vigilant, Officer Koby, James Katapodis (expert), Alexander Jason (expert) and Det. Charles Dempsey (expert).

In addition, there is no evidence that the City of Los Angeles failed to adequately screen or hire police officers to handle this type of scenario, or that it fails to discipline officers.

Claim 9 -  Negligence under California state law

Defendants will primarily rely on the testimony of Officer Vigilant, Officer Koby, James Katapodis (expert), Alexander Jason (expert), Det. Charles Dempsey (expert), Los Angeles City Fire Captain Robert MacInnis, LAFD Firefighter/paramedic Noe Lopez, Los Angeles City Firefighter/paramedic Shawn Gill, Los Angeles City Firefighter/paramedic Gerald Paiz and Los Angeles City Firefighter/paramedic

Tommy Wells.  Defendants will also rely on video footage of the shooting, captured by a neighbor's security camera across the street from the subject residence.

### Claim 10 - Violation of California Civil Code § 52.1

Defendants will primarily rely on the testimony of Officer Vigilant, Officer Koby, James Katapodis (expert), Alexander Jason (expert), Los Angeles City Fire Captain Robert MacInnis, LAFD Firefighter/paramedic Noe Lopez, Los Angeles City Firefighter/paramedic Shawn Gill, Los Angeles City Firefighter/paramedic Gerald Paiz and Los Angeles City Firefighter/paramedic Tommy Wells.  Defendants will also rely on video footage of the shooting, captured by a neighbor's security camera across the street from the subject residence.

### Claim 11 - Assault and Battery under California state law

Defendants will primarily rely on the testimony of Officer Vigilant, Officer Koby, James Katapodis (expert), Alexander Jason (expert), Los Angeles City Fire Captain Robert MacInnis, LAFD Firefighter/paramedic Noe Lopez, Los Angeles City Firefighter/paramedic Shawn Gill, Los Angeles City Firefighter/paramedic Gerald Paiz and Los Angeles City Firefighter/paramedic Tommy Wells.  Defendants will also rely on video footage of the shooting, captured by a neighbor's security camera across the street from the subject residence.

### D. **Defendants' Affirmative Defenses**

Defendants intend to pursue the following affirmative defenses as to Plaintiffs' claims:

1.     Qualified Immunity (federal).

2.     Qualified Immunities (state)

   a.     Cal. Gov. Code, § 815.2(b): Injuries by Employee Within Scope of Employment; Immunity of Employee

9

b.     Cal. Gov. Code, § 820.2: Discretionary Acts

c.     Cal. Gov. Code, § 820.8: Acts or Omissions of Others

d.     Cal. Gov. Code § 821.6: Immunity

3.     Self-Defense/Defense of Others

4.     Contributory Negligence

5.     Negligence of Other Persons (the decedent)

6.     Plaintiffs' failure to mitigate damages.

**E.     <u>Elements Required to Prove Affirmative Defenses</u>**

<u>Qualified Immunity (federal)</u>

1.     Whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right;

2.     Whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Pearson v. Callahan*, 555 U.S. 223 (2009); *Kisela v. Hughes*, 584 U.S. ____ (2018).

<u>Qualified Immunities (state)</u>

Cal. Gov. Code, § 815.2(b): Injuries by Employee Within Scope of Employment; Immunity of Employee

If the employee is immune from liability, Defendant City of Los Angeles also is immune from liability.

Cal. Gov. Code, § 820.2: Discretionary Acts

An employee of Defendant City of Los Angeles was exercising the discretion vested in him/her.

Cal. Gov. Code, § 820.8: Acts or Omissions of Others

An employee of Defendant City of Los Angeles cannot be held liable for an injury caused by the act or omission of another person.

Cal. Gov. Code § 821.6: Immunity

A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

Self-Defense/Defense of Others

1.    That Defendant's employees reasonably believed that Adrian Solis was going to harm them or others; and

2.    That Defendant's employees used only the amount of force that was reasonably necessary to protect themselves or others.

    *See* CACI 1304.

Contributory Negligence

1.    That Plaintiff was negligent; and

2.    That Plaintiff's negligence was a substantial factor in causing his harm. *See* CACI 405 (2009).

Negligence of Other Persons (the decedent)

1.    That Adrian Solis was negligence; and

2.    That Adrian Solis' negligence was a substantial factor in causing his death.

    *See* CACI 407 (2009).

Mitigation

1.    The Plaintiffs failed to use reasonable efforts to mitigate their damages;

2.    The amount by which damages would have been mitigated.

*See* Ninth Circuit Manual of Model Civil Jury Instructions No. 5.3 (2017); CACI 3930 (2003).

/ / /

11

**F.    Defendants' Key Evidence in Support of the Affirmative Defenses**

Defendants believe that the same evidence set forth above under Claim Nos. 1-12 supports each of their affirmative defenses in this matter.

**G.    Evidentiary Issues**

Defendants have filed two motions in limine:

1.    To trifurcate liability, damages and *Monell* liability;

2.    To exclude certain opinions of Plaintiffs' expert witness, Roger Clark.

Defendants also move to exclude and object to Plaintiffs calling two expert witnesses – Dr. Lawrence Nguyen, M.D. and Dr. Mahmoud Ajang.  Defendants move to exclude and object to these witnesses being called on the grounds that during the meet and confer process, Plaintiffs' counsel indicated Plaintiffs would not be calling either witness at trial.  Just before the deadline for the parties to file the Joint Witness List did Plaintiffs add those names to the Witness List.

As to Dr. Nguyen, his testimony is cumulative and irrelevant since the cause of death (gunshot wound) is undisputed.

As to Dr. Ajang, his testimony is irrelevant and should be excluded pursuant to FRE 402 and 403.  It is undisputed that neither Officer Koby nor Officer Vigilant had any knowledge of Adrian Solis' possible mental illnesses at the time of this incident.

**H.    Issues of Law**

**1.    Defendants Did Not Violate Adrian Solis' Fourth Amendment Rights.**

The Fourth Amendment prohibits unreasonable searches and seizures.  *See* U.S. Const. Amend IV.  To be successful on Adrian Solis' Fourth Amendment claims, Plaintiffs must show that Defendants intentionally deprived Mr. Solis of his constitutional rights.  The law is clear that negligence alone is not sufficient to establish a constitutional violation.  *Daniels v. Williams,* 474 U.S. 327, 328 (1986).

Police officers may use such force as is "objectively reasonable" under the circumstances. *Graham v. Connor*, 490 U.S. 386, 397(1989). To determine whether the force used was reasonable, courts balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (citations omitted). "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* In evaluating the government's interests, the court may consider such factors as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (*citing Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)).

In addition, the consideration of "reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." *Graham*, *supra*, 490 U.S. at 396-97.

Contrary to Plaintiffs' contentions and as demonstrated on surveillance video, Defendants did not use unlawful force on Adrian Solis. The facts show just the opposite – that Officer Vigilant fired his weapon in self-defense as Mr. Solis charged towards Officer Vigilante and several firefighters in an aggressive manner, with his arms raised and a knife in each hand.

## 2.    The "Special Relationship" Doctrine is Inapplicable.

Plaintiffs will likely argue that Defendants are liable because a "special relationship" was created when Officer Vigilant and Officer Koby entered the Solis' residence. However, the undisputed facts demonstrate the special relationship doctrine is inapplicable here.

Typically, a state creates a special relationship with a person when it acts to "restrain an individual's freedom to act on his own behalf, either through incarceration, institutionalization, or other similar restraint of personal liberty." *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199, 109 S.Ct. 998, 103 L.Ed 2d 249 (1989); *Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058-59 (9th Cir. 1998) ("When the States takes a person into its custody and holds him there against his will, the Constitution imposes some responsibility for [that person's] safety and general well-being.")

The affirmative duty to protect under this exception "arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it imposed on his freedom to act on his own behalf. *DeShaney, supra,* 489 U.S. at 200.  A state's awareness of dangers is insufficient to state a claim under the Due Process Clause if the state "played no part in their creation" or did "anything to render [plaintiff] any more vulnerable to them." *Id.* at 201.

In this case, no special relationship arose between Officers Vigilant and Koby, and the decedent, nor the Plaintiffs.  The decedent's liberty was not restrained.  He was not handcuffed and it is undisputed that Officers Vigilant and Koby did not believe any criminal activity had occurred.  In fact, neither Officer Vigilant nor Officer Koby had a duty to protect the decedent under the circumstances of this case.  See, *Escamilla v. City of Santa Ana*, 796 F.2d 266 (9th Cir. 1986), where the Ninth Circuit affirmed the district court's finding of summary judgment in favor of defendants City of Santa Ana, the Chief of Police and two undercover officers, concluding that a special relationship did not exist to hold the defendants liable simply because the undercover officers were present at the scene when plaintiffs' decedent (an innocent victim of a barroom shooting) was shot and did not take any action to prevent the shooting.

As held in *DeShaney, supra*, 489 U.S. at 200, even if the Defendants were of possible dangers to the decedent (which Defendants maintain there were none), that is

14

not sufficient to state a claim under the Due Process Clause where the Defendants "played no part in their creation" or did "anything to render [Plaintiff] any more vulnerable to them." Here, neither Officer Vigilant nor Officer Koby created the alleged danger, nor did anything at all to make decedent Adrian Solis or the Plaintiffs more vulnerable to any alleged danger. It is **undisputed** that Plaintiff Leticia Solis placed the two knives on the kitchen counter, which is the location from which decedent Adrian Solis grabbed them from before he charged at the officers and firefighters.

Similarly, generally there is no legal "duty," and hence no liability for negligence, unless there is a special relationship between the police and either the victim or the third person which gives rise to the responsibility to control the third person's conduct. *Lopez v. City of San Diego*, (1987) 190 Cal.App.3d 678, 681. In the usual situations involving performance of police duties, such a relationship has been held to depend on representations or conduct by the police which cause the victim(s) to detrimentally rely on the police such that the risk of harm as the result of police negligence is something *more than that to which the victim was already exposed*. *Lopez*, 190 Cal.App.3d at 681 (emphasis added).

A "special relationship" has been found in a few narrow circumstances where the police promised to undertake a certain action, and failed to do so. See *Morgan v. County of Yuba* (1964) 230 Cal.App.2d 938; *McCorkle v. City of Los Angeles* (1969) 70 Cal.2d 252 (where police created or increased a peril by affirmative acts). Indeed, "[p]recious few courts have actually imposed a duty of care on law enforcement under the doctrine of special relationship." *Adams v. City of Fremont*, 68 Cal.App.4th 1492. However, here, neither Officer Vigilant nor Officer Koby made any promises to the decent or the Plaintiffs to undertake any actions at all.

California courts have refused to find a special relationship or impose liability based on the negligence of police personnel in responding to requests for assistance, in conducting or failing to conduct an investigation, in failing to warn of a potential

danger, or in failing to provide sufficient protection where the police have not induced reliance on a specific promise that they would provide specific protection. *M.B. v. City of San Diego*, 233 Cal.App.3d at 705; *Hartzler v. City of San Jose* (1975) 46 Cal.App.3d 6 (no liability for police delay in responding to call for assistance); *Van Batsch v. American Dist. Telegraph Co.* (1985) 175 Cal.App.3d 1111, 1124 (no liability for negligence in investigating a burglar alarm and failing to discovery burglar inside premises who eventually killed businessman who worked on premises); *Stone v. State of California* (1980) 106 Cal.App.3d 924 (no liability for failure to provide adequate security protection at state fair).

Here, neither Officer Vigilant nor Officer Koby played any part in the alleged danger that the decedent faced – that if he picked up the steak knives and charged at the officers, he would be shot. It is undisputed that Plaintiff **Leticia Solis** (the decedent's mother) placed the two knives on the counter where the decedent grabbed them. Importantly, it was the decedent himself who elected to grab the knives from the counter and charge at the officers and firefighters.

Therefore, based on the facts of this case, there was no special relationship between Officers Vigilant and Koby, and the decedent or the plaintiffs.

### 3. Defendants Also Did Not Violate Plaintiffs' Fourteenth Amendment Right to a Familial Relationship.

Parents and children have a constitutional interest in familial relationship. U.S. Const. Amend XIV; *see also Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1983); *Cosby v. City of Oakland*, 1997 WL 703776 (N.D. Cal. 1997) at *5 n.6. A claim for a loss of this type of relationship arises under the substantive due process clause of the Fourteenth Amendment. *Smith, supra*, 818 F.2d at 1419-1420. Loss of familial relationship claims are judged under the "shocks the conscience" standard. *Lewis v. Sacramento County*, 98 F.3d 434, 441 (9th Cir. 1996); *see also Byrd v. Guess*, 137 F.3d 1126, 1134 (9th Cir. 1998). Whether analyzed under either the "deliberate

indifference" or the "purpose to harm" prongs of the "shocks the conscience" standard, Defendants did not act in a manner that violates the Fourteenth Amendment.

**4.    Defendants Did Not Violate Plaintiffs' Substantive Due Process Rights.**

Official conduct only violates substantive due process when it "shocks the conscience." *Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013) (citing *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)).  Under the overarching "shock the conscience" test are two standards:  "purpose to harm" and "deliberate indifference."  The evidence will demonstrate that Plaintiffs' claim fails under either test.

**5.    At a Minimum, Officer Vigilant and Officer Koby Are Entitled To Qualified Immunity On Each of the Section 1983 Claims.**

Defendants are entitled to qualified immunity since their "conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  To succeed on a Section 1983 action against a defendant in his individual capacity, the plaintiff must present specific facts linking the individual defendant to a constitutional violation. *Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1978).  As set forth above, the admissible evidence shows that Defendants did not violate a clearly established constitutional right.

Even if Plaintiffs could prove a constitutional violation, government officials performing discretionary functions are generally entitled to qualified immunity. *Harlow, supra*, 457 U.S. 800.  In determining whether an official is entitled to qualified immunity, the Court, not the trier of fact, must consider whether, "in the light most favorable to the party asserting the injury, do the facts alleged show [that Defendants'] conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Even if the Court deems the answer to be yes, then the Court, not the trier of fact, must determine whether the conduct violated a "clearly established statutory or

17

constitutional right of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). This line of inquiry must be "undertaken in light of the specific context of the case, not as a broad general proposition . . .," with the focus being on "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, *supra*, 533 U.S. at 201. "If the officer's mistake as to what the law requires is reasonable . . . the officer is entitled to the immunity defense." *Id*. at 205.  An official action is protected by qualified immunity unless the unlawfulness of the action is apparent in light of pre-existing law. *Anderson v. Creighton*, 483 U.S. 635 (1987).

In other words, an official is entitled to qualified immunity unless the official "knew or reasonably should have known that the action he took within the sphere of official responsibility would violate the [plaintiff's] constitutional rights[.]" *Harlow*, *supra*, 457 U.S. 800.  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, (1986).

Thus, even if Plaintiffs are successful overcoming the first hurdle, Plaintiffs cannot make it over the second hurdle.  Plaintiffs cannot prove that Defendants knowingly violated the law or took any actions which they knew or reasonably should have known would violate Adrian Solis' constitutional rights.

## 6. **The City of Los Angeles Cannot Be Held Liable Under *Monell* On Any Theory.**

The City of Los Angeles and the Los Angeles Police Department cannot be held liable under *Monell*, because Plaintiffs cannot prove that they or Adrian Solis were deprived of any of their constitutional rights.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Even if they could, they cannot show that the City of Los Angeles is liable under any theory of *Monell*.

To establish *Monell* liability for failure to train or adequately supervise subordinates, the evidence must show a pattern of inadequate training which amounts to a deliberate indifference to the rights of persons with whom the inadequately trained

18

employee comes into contact. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 409-11 (1997); *Davis v. City of Ellensburg*, 869 F.2d 1239 (9th Cir. 1989); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir.2012). Plaintiffs will not be able to establish that here.

To prevail on a *Monell* based on a custom, practice or policy, Plaintiffs must establish that the City's policy, custom or practice was the "moving force" behind the violation. *See Oklahoma v. Tuttle*, 471 U.S. 808, 818-20 (1985). "At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *Id*. at 823. The City and the LAPD also must act with deliberate indifference, which is a conscious choice to follow a course of action among various alternatives. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 384 (1989). Mere negligence, even gross negligence, is not "deliberate indifference." *Merritt v. County of Los Angeles*, 875 F.2d 765, 769 (9th Cir. 1989) (*citing Harris, supra*). Plaintiffs will not be able to establish this, either.

In addition, there must be a directive or order attributable to a municipal policymaker. *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). The mere fact that a policymaker defers to the discretionary decision of or agrees with the opinions and recommendations of a subordinate does not turn the subordinate's decision into official policy. *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988). In order for the actions of a lower-level employee to give rise to a *Monell* claim, those actions must be persistent and widespread and the official policymaker must take no corrective action. *Monell*, *supra*, 436 U.S. 658; *Tuttle*, *supra*, 471 U.S. 808; *Praprotnik*, *supra*, 485 U.S. 112.

Plaintiffs' burden in establishing causation is a heavy one. *Harris*, *supra*, 489 U.S. 378. There is no respondeat superior liability under 42 U.S.C. § 1983. *Monell*, *supra*, 436 U.S. 658. "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to so do, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Brown*, *supra*, 520 U.S. at

405.  Thus, the law is clear that Plaintiffs cannot hold the City liable under *Monell* simply because it employs an alleged tortfeasor.

**7.**   **Plaintiffs Cannot Maintain a Cause of Action for Wrongful Death Based on Negligence or Battery, and Defendants Did Not Wrongfully Cause the Death of Adrian Solis.**

Plaintiffs have asserted a claim based on wrongful death (battery and negligence) under state law based on the alleged use of excessive force on Adrian Solis.  The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the pecuniary loss suffered by the heirs." *Quiroz v. Seventh Ave. Center*, 140 Cal.App.4th 1256, 1263 (Ct. Cal. App. 2006).

"A battery is any intentional, unlawful and harmful contact by one person with the person of another. . . . A harmful contact, intentionally done is the essence of a general battery claim. A contact is 'unlawful' if it is unconsented to." *Ashcraft v. King*, 228 Cal.App.3d 604, 611 (1991) (citations omitted).  However, police officers are not treated the same as the ordinary battery defendant.  State law battery claims against police officers are analyzed under the same objectively reasonable standard set forth in *Graham, supra*, 490 U.S. at 396-97 and the plaintiff has the burden of proof in establishing excessive force.  *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1273 (1998); Cal. Pen. Code, § 835(a).

"Negligence involves the violation of a legal duty . . . by the defendant to the person injured, e.g., the deceased in a wrongful death action." *Id*. The elements of a negligence claim are (1) duty owed to the decedent, (2) breach of that duty, (3) causal connection, and (4) actual loss. *Id*.

Here, Defendants acted reasonably in using force on Adrian Solis, and they did not wrongfully cause his death.

/ / /

/ / /

20

**8.    Defendants Did Not Violate Section 52.1.**

Even if Plaintiffs could maintain their Section 52.1 claim, Defendants did not violate Section 52.1, which provides in relevant part:

> If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California . . ..

The Bane Act "… requires 'a specific intent to violate the arrestee's right to freedom from unreasonable seizure.'" *Reese v. County of Sacramento*, 2018 DJDAR 3556, 3561 (April 24, 2018) (citation omitted).

## BIFURCATION OF ISSUES

The Defendants have filed a motion *in limine* requesting the Court trifurcate this action into three phases as follows: phase 1) liability; phase 2) compensatory and punitive damages, if necessary; and phase 3) *Monell*, if necessary.

## JURY DEMAND

A timely demand for jury trial has been made by Defendants.  Defendants estimate this will be a 4-day trial.

/ / /

/ / /

/ / /

/ / /

/ / /

21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ABANDONMENT OF ISSUES

Defendants have not abandoned any of their defenses, and reserve their right to assert further defenses or abandon any defenses as Plaintiffs' contentions become known.


Respectfully submitted,


Dated: May 1, 2018          Respectfully submitted,
                            **MICHAEL N. FEUER**, City Attorney
                            **THOMAS H. PETERS**, Chief Assistant City Attorney
                            **CORY M. BRENTE**, Supervising Assist. City Attorney

                            By:            **/S/**
                                 **J. EDWIN RATHBUN, JR**. Deputy City Attorney

                            *Attorneys for Defendants* **CITY OF LOS ANGELES, SHERWIN VIGILANT and JUSTIN KOBY**